Argued and submitted June 19, reversed November 12, 1986

In the Matter of the Compensation of
Cheryl K. Oliver, Claimant.

OLIVER,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 82-00732; CA A37527)

728 P2d 73

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant petitions for review of a Workers' Compensation Board order which held that the referee improperly remanded her claim to the Evaluation Division (Division) for further processing. We reverse the Board and reinstate the referee's order.

Claimant filed a stress claim in April, 1981, contending that she suffered an "anxiety stress reaction" and related fatigue as a result of her employment by Adult and Family Services Division from 1977 through April, 1981. Employer characterized the claim as nondisabling and denied it. A week before the hearing was held on the denial, claimant resigned from her job. On January 7, 1982, she filed a second claim form, alleging that she could no longer work as a result of continued stress in her employment.

A hearing was held on the first claim on January 14, 1982. The second was not considered at that time, because the 14 days SAIF had to accept or deny the claim had not expired, and SAIF had not acted on it. SAIF denied the second claim on January 21, 1982, and claimant filed a request for hearing on that denial. On May 18, 1982, the referee issued an order on the first claim, finding the "anxiety stress reaction" compensable. On September 15, 1982, the Division closed the first claim "pursuant to" the referee's order and granted claimant temporary partial disability from September 12, 1980, through March 4, 1981.

Claimant did not seek a hearing on the determination order. In September, 1982, sometime after that order, claimant and SAIF agreed that the second stress claim would stand or fall on the ultimate resolution of the first. Claimant requested that the second claim be placed on inactive status. Subsequently, the Board and we upheld the compensability of the "anxiety stress reaction." *Oliver v. SAIF*, 66 Or App 972, 675 P2d 620 (1984).

After our decision, claimant requested that the second claim be set for hearing. The referee set aside SAIF's denial, held that claimant was entitled to have the second claim processed through closing and remanded the claim to the Division for processing and payment of any benefits due. SAIF sought review, contending that the first determination

order had already resolved all issues pertaining to the second claim. The Board agreed.

Part of the difficulty with this case is that the parties' agreement to have the resolution of the second claim determined by the first is not in writing in the record. It has been paraphrased by them many times. SAIF asserts that the parties had agreed that, on final determination of the first claim, the second would be "subsumed" by the first and would no longer exist. Claimant asserts that the parties had agreed that, if the first claim was determined to be compensable, the second would be accepted. The other difficulty with this case is that the parties have mischaracterized the second "claim" from the outset. At the hearing on the first claim, the referee, later affirmed by the Board and by this court, determined that claimant's *condition*, the "anxiety stress reaction," is compensable. The second "claim" was for the same condition for a subsequent period of exposure and disability. Claimant did not assert that her condition had worsened or that she had suffered an aggravation. Although claimant and SAIF have treated the second document as a separate claim, in fact it is nothing more than a request for continued treatment and benefits on the original claim. Claimant herself characterized it as a claim for "continued job stress."

Ordinarily, when the Division reviews a claimant's compensable condition, it evaluates the entire period of disability. *See* OAR 436-30-010; OAR 436-30-030(3); OAR 436-30-040. It could have done that here, because it had claimant's full medical file. However, because of the parties' mischaracterization of the second "claim" and treatment of it as if it were a separate claim, the evidence concerning the second period of disability was not presented to the referee or considered by the Division. As the referee found, SAIF agreed that what it now calls the "second claim" would be compensable if the first one were. The amount of the benefits is for the Division to determine in the first instance.

Reversed; referee's order reinstated.